

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 29, 2013

The Honorable Joe Shannon, Jr.
Tarrant County Criminal District Attorney
Tim Curry Criminal Justice Center
401 West Belknap
Fort Worth, Texas 76196

Opinion No. GA-1002

Re: Whether a county auditor has a right to access inmate property in a county jail to compare it with inmate property receipts (RQ-1096-GA)

Dear Mr. Shannon:

You tell us that the Tarrant County Sheriff receives and stores Tarrant County Jail inmates' property, then lists that property on receipts.[1] You explain that the Tarrant County Auditor has requested to examine the property and the receipts in order to determine whether the receipts are accurate, but the sheriff has refused her request to examine the inmates' noncash property because he contends that the auditor may examine records of money only, not other kinds of property. Request Letter at 1–3. Accordingly, you ask whether the auditor may access the inmates' noncash property and compare it to the property receipts. *Id.* at 1.

County officials have the powers they are expressly granted by law and implied powers that are necessary to perform the powers expressly granted. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003) (describing the powers that the Legislature confers on counties and commissioners courts). You tell us the auditor contends that two laws grant her authority to access inmate property, Local Government Code sections 112.006 and 115.001. Request Letter at 2. Section 112.006 grants a county auditor "general oversight of the books and records of a county, district, or state officer authorized or required by law to receive or collect money or other property that is intended for the use of the county or that belongs to the county." TEX. LOC. GOV'T CODE ANN. § 112.006(a) (West 2008). Section 115.001(1) provides that a "county auditor shall have continual access to and shall examine and investigate the correctness of: (1) the books, accounts, reports, vouchers, and other records of any officer." *Id.* § 115.001(1).

You tell us the sheriff contends that sections 112.006 and 115.001 refer to records and reports having to do with money rather than noncash property. Request Letter at 3–5. In other words, the sheriff interprets section 112.006 to mean that a county auditor has general oversight

---

[1]Letter from Honorable Joe Shannon, Jr., Tarrant Cnty. Criminal Dist. Att'y, to Honorable Greg Abbott, Tex. Att'y Gen. at 1 (Oct. 29, 2012), http://www.texasattorneygeneral.gov/opin ("Request Letter").

of the books and records of a county officer who may receive or collect money or other property, *except for the books and records pertaining to nonmonetary property*. Similarly, the sheriff interprets section 115.001 to mean that an auditor must investigate the correctness of an officer's records, *except for records pertaining to nonmonetary property*. There are many reasons, however, why a court would likely disagree with this interpretation of sections 112.006 and 115.001. The first and most important reason is that statutes must be interpreted according to the plain meaning of their texts, and courts are reluctant to interpret statutes in a way that effectively adds words to them. *Energy Serv. Co. of Bowie, Inc. v. Superior Snubbing Servs., Inc.*, 236 S.W.3d 190, 198–99 (Tex. 2007). Second, section 112.006 expressly grants auditors oversight of the records of officers who collect noncash property, so it is unlikely that the Legislature intended to deny auditors access to records of officers' noncash property.

In addition, there are practical reasons why a court would not likely find that sections 112.006 and 115.001 grant a county auditor the authority to access records related only to money. For instance, some counties have vast amounts of real estate, equipment, and other noncash property. *See, e.g.*, Tarrant County Auditor's Office, Comprehensive Annual Financial Report, (2011), *available at http://www.co.tarrant.tx.us/eauditor/lib/eauditor/Tarrant_County_FY11_CAFR.pdf* at 44–47 (showing the value of the capital assets of Tarrant County). If county auditors were allowed to access books and records related only to money, they might be unable to truly know the financial condition of their counties. That lack of knowledge would hinder an auditor's ability to regularly report to commissioners courts on the financial condition of the counties, as required by statute. TEX. LOC. GOV'T CODE ANN. §§ 114.023–.025 (West 2008). *See also* TEX. GOV'T CODE ANN. § 311.021 (West 2005) (requiring that courts assume that the entire statute is effective and the Legislature intended a result feasible of execution). For the foregoing reasons, a court would likely find that sections 112.006 and 115.001 authorize auditors to examine records of noncash property such as inmate property receipts in the possession of the sheriff.

You suggest that the sheriff is concerned that the receipts, like offense reports and jail activity logs, are records related to the sheriff's law enforcement duties and unrelated to the auditor's accounting duties. Request Letter at 3. Indeed, a county officer may deny an auditor access to some kinds of records under some circumstances. An opinion of this office concluded that a county auditor could not examine a sheriff's records to determine whether prisoners were being released before their sentences ended, because that examination concerned the sheriff's failure to perform his statutory duty to confine inmates and had nothing to do with the county auditor's duties to investigate and report on the county's finances. Tex. Att'y Gen. Op. No. M-756 (1970) at 3. Unlike a sheriff's offense reports and jail activity logs, however, inmate property receipts are records of property held by the sheriff, and a record of property held by the sheriff is a kind of record that this office has concluded an auditor may examine. Tex. Att'y Gen. Op. No. H-1185 (1978) at 1.

Even so, the auditor's statutory right of "continual access" to records does not empower the auditor to access the receipts and property whenever she chooses. Several opinions of this office have concluded that the term "continual access" in section 115.001 does not grant an auditor immediate and unlimited access to records and does not divest an officer of reasonable

control over them.  *See., e.g.*, Tex. Att'y Gen. Op. Nos. JM-1275 (1990) at 4–5, WW-154 (1957) at 2.  Nor, however, may a county officer unreasonably withhold access to those records.  *See, e.g.*, Tex. Att'y Gen. Op. Nos. JM-1275 (1990) at 5, WW-154 (1957) at 2.

A court would likely conclude that sections 112.006 and 115.001 authorize a county auditor to access inmates' property in order to investigate the correctness of the property receipts, subject to the sheriff's reasonable conditions on that access.[2]

---

[2]Briefing received by this office urges us to consider the potential constitutional implications of an auditor's access to inmate property in the possession of a sheriff.  *See* Brief from Mr. Scott Medlock, Prisoner's Rights Program Dir., Tex. Civil Rights Project at 1–3 (Dec. 11, 2012).  We cannot determine here whether any particular incident involving inmate property may implicate an inmate's constitutional rights, and we express no opinion on the extent of an inmate's constitutionally protected interest in property turned over to the sheriff.  To the extent such constitutional interests exist, a sheriff's reasonable exercise of discretion to withhold an auditor's access to records would enable the sheriff to ensure those interests are protected.

### S U M M A R Y

Sections 112.006 and 115.001 of the Local Government Code authorize a county auditor to access inmate property that a sheriff stores at the county jail, subject to the sheriff's reasonable conditions on that access.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

JAMES D. BLACKLOCK
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

Becky P. Casares
Assistant Attorney General, Opinion Committee